**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| RICK FENTON, § | |
| § | |
| Plaintiff, § | |
| § | Cause No. 1:12-cv-00027 |
| v. § | |
| § | |
| LOWE's COMPANIES, INC. § | |
| § | **Jury Trial Demanded** |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, RICK FENTON ("Plaintiff" or "Fenton"), by counsel brings this action against the Defendant, Lowe's Companies, Inc. ("Defendant" or "Lowe's") for violations of the Age Discrimination in Employment Act of 1967, 9 U.S.C. §621 et seq., violations of the Americans with Disability Act of 1990, 42 U.S.C. § 12101 *et seq.,* (the "ADA") and unlawful retaliation in violation the aforementioned statutes, and would respectfully show the Court as follows:

**I.**

**PARTIES**

1.01    Fenton is a citizen of the United States and a citizen and resident of the State of Texas, who resides in Abilene TX 79601 and may be contacted through his counsel of record, Nicholas A. O'Kelly of the law office of Kilgore & Kilgore, 3109 Carlisle, Dallas, Texas 75204.

1.02    Defendant, Lowe's is a North Carolina corporation authorized to do business in the state of Texas and was at all times relevant herein, doing business at 1634 Musgrave Blvd, Abilene, TX 79601.  The Defendant may be served with process by serving its registered agent, Corporation

Service Company d/b/a CSC - Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II.

## JURISDICTION AND VENUE

2.01   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

2.02   Plaintiff timely filed a charge with the Equal Employment Opportunity Commission on July 3, 2010 and received notice of right to sue on November 29, 2011.

2.03   Venue for all causes of action stated herein lies in the Northern District of Texas because the Defendant resides in this District and a substantial part of the events alleged in this Complaint took place within this District.  *See* 28 U.S.C. § 1391(b).

## III.

## FACTUAL ALLEGATIONS

3.01   Plaintiff (D.O.B. 6/17/1949) was hired by Defendant on August 25, 2008 as a sales specialist in Defendant's store in Abilene, Texas.

3.02.   Plaintiff at all times performed his job in a superior fashion and met all of his employer's expectations.

3.03   As a result of his superior performance, Plaintiff received numerous commendations and awards from his managers for his above average performance.

3.04   In March 29, 2009, Plaintiff applied to be enrolled in the Entry Management Training Program (EMTP) and on June 3, 2009, Defendant accepted Plaintiff into the Program

3.05   Plaintiff had been injured on the job in January 2009 and worked with incredible pain to his feet back and shoulders.

3.06 Following the announcement that he was enrolled in the EMTP program, Plaintiff requested time off for medical treatment.

3.07 Plaintiff was absent from work until June 10, 2009. When his Dr released him to return to work, Plaintiff was given a medical restriction that prohibited him from standing on his feet for more than 30 minutes without resting for 10 minutes

3.08 When Plaintiff presented this medical restriction to Defendant, he was informed by the Store Manager, Department Manager and Human Resources department hat he could not return to work until he was 100% recovered and able to perform all of his duties.

3.09 Plaintiff returned to work again on July 28, 2009 with the same medical restriction and asked to be allowed to return to work with an accommodation for his restriction. Defendant refused to accommodate the Plaintiff and repeated its prior position that Plaintiff could not return to work until he was 100% recovered from his injury and able to fully perform his duties

3.10 Plaintiff was diagnosed a having a chronic plantar fasciitis which restricts is ability to stand for prolonged periods. Plaintiff has also been diagnosed with having curvature of the spine which also prevents him from standing for extended periods

3.11 Plaintiff can perform the essential functions of the job with a reasonable accommodation to these permanent medical conditions. Namely, by being allowed to sit for brief periods to rest his feet and legs. When Plaintiff asked for these reasonable accommodations, he was denied and told by one of Defendant's managers "I don't need some lazy- assed crippled old fart working here".

3.12 Despite repeated requests Plaintiff has been denied any accommodation and has not been allowed to return to work at his former position.

3.13 Plaintiff has attempted to seek employment at other stores within Defendant's organization

3.14 On January 27, 2011 applied for a position as Flooring specialist Job (ID # 115979BR) Plaintiff had previously performed this job at Defendant's Abilene store where he received numerous accommodations. Despite his experience and superior qualifications, Defendant refused to hire Plaintiff for is position.

3.15 On February 7, 2011, Plaintiff applied for the position of Seasonal Customer Service Associate in the Paint Department, (Job #125399 BR, Candidate Reference #158-5336.) This is a position that is offered entry-level high school and freshman college students with no training or experience. Plaintiff was again denied position.

3.16 On or about March 9, 2011, Plaintiff applied for the position of the Department Manager of the inside sales on garden (job #141340BR). Even though plaintiff was well qualified for this position, defendant refused to consider his application.

3.17 Plaintiff recalls that on each job application. He was required to disclose his prior position of the Defendant's Abilene store.

3.18 Plaintiff has since learned that Defendant has consistently selected younger, less experienced nondisabled employees perform the job for which he was qualified.

3.19 As a result of Defendant's refusal to rehire Plaintiff or consider Plaintiff for openings for which he was clearly qualified, Plaintiff has suffered monetary damages in the form of lost pay, emotional suffering, anxiety and benefits.

## FIRST COUNT

## <u>DISABILITY DISCRIMINATION</u>

4.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

4.02   Defendant was an "employer" under the ADA, 42 U.S.C. § 12111(5)(A).

4. 03   While employed by Defendant, Plaintiff suffered from a disability under the statutory definition provided in the ADA, 42 U.S.C. § 12102(2), because Plaintiff had a physical impairment that substantially limited one or more of his major life activities, a record of impairment, and/or was regarded as having such an impairment by Defendant.  Plaintiff had a record of impairment because he took time off from work for treatment of his diagnosed health condition. Plaintiff was clearly regarded as having a disability when he disclosed to his employer his various restrictions against walking and standing.

4.04   While employed by Defendant, Plaintiff was a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12111(8).  Plaintiff was and is a qualified individual for the job in question. With reasonable accommodation and schedule adjustments, Plaintiff could have performed, and can perform, the essential functions of his job.

4.05   Despite repeated requests, Defendant refused to accommodate Plaintiff's disability and instead refused to let Plaintiff return to work until he was 100% recovered.

4.06   Defendant terminated Plaintiff because of his disability.

4.07   Defendant treated Plaintiff less favorably than its non-disabled employees.

4.08 Defendant violated the ADA, 42 U.S.C. § 12112, by terminating Plaintiff and/or discriminating against him in connection with his advancement, compensation, job training, and other terms, conditions, and privileges of his employment because of Plaintiff's disability.

4.09 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally-protected rights. Plaintiff is therefore also entitled to recover punitive damages.

4.10 Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs under the ADA.

## Second Count

## Age Discrimination and Retaliation

5.01 The foregoing paragraphs of this Complaint are incorporated in this Count by reference as fully as if set forth at length herein.

5.02 Plaintiff, whose date of birth is June 17, 1949, was within the protected age bracket under the ADEA when he was terminated.

5.03 During his employment, Plaintiff was repeatedly told by Defendant's managers that he could not perform his assigned job duties in Defendant's Appliance department because of his disability.

5.04 Following Plaintiff's termination, Plaintiff applied on numerous occasions for openings at Defendant's stress for which he was clearly qualified. Despite his qualifications he was

consistently denied employment.

5.05   Plaintiff believes that he was blacklisted by Defendant because he would have to disclose that he had previously worked for the Defendant's store where he a victim of disability discrimination and was not allowed to return to work.

5.06   Plaintiff believes that Defendant's managers would then confer with his prior managers and thereafter decide not to hire him because of his original injury and disability  employment

5.07   Plaintiff observed younger people with less experience being assigned to positions that Plaintiff was qualified to perform.

5.08   Defendant employed in an industry affecting commerce twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.  Accordingly, it is subject to the provisions of the ADEA.

5.09   Plaintiff was qualified to perform the essential functions of his former job, as well as other jobs that were available at Defendant's store for which Plaintiff applied.

5.10   Defendant intentionally discriminated against Plaintiff because of his age by exhibiting bias toward Plaintiff, treating Plaintiff by refusing to hire Plaintiff for positions that were then assigned to younger, less qualified individuals.

5.11   Defendant engaged in a single continuous course of conduct of discrimination against Plaintiff because of his age.

5.12   Such discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, other non-pecuniary losses and compensatory damages.  Further, this discrimination was willful.  Plaintiff is

therefore also entitled to recover liquidated damages. Claimant is also entitled to recover all costs of court and attorneys' fees.

## JURY DEMAND

7.01   Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that Plaintiff be granted the following relief against Defendant:

(1)   Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity and past and future medical expenses;

(2)   Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3)   Damages for past and future mental anguish and emotional distress and physical distress;

(4)   Exemplary damages in an amount to be determined by the trier of fact;

(5)   An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(6)   Prejudgment and Post judgment interest at the maximum legal rate;

(7)   Attorneys' fees;

(8)   Experts fees;

(9)   All costs of suit; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: s/Nicholas A. O'Kelly
NICHOLAS A. O'KELLY
Texas State Bar No. 15241235

Kilgore & Kilgore, PLLC
3019 Carlisle Street
Dallas, TX  75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 – Fax

ATTORNEY FOR PLAINTIFF