# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| RICK FENTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CASE NO. 1:12-cv-00027-C |
| | § | |
| LOWE'S HOME CENTERS, INC., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S 12(B)(6) MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

RESPECTFULLY SUBMITTED,

**HUNTON & WILLIAMS LLP**


By:    /s/ Alan J. Marcuis
         Alan J. Marcuis
         State Bar No. 24007601
         Sarah E.W. McGahee
         State Bar No. 24051488

Fountain Place
1445 Ross Ave., Suite 3700
Dallas, Texas 75201-3402
214.979.3000
214.880.0011 (fax)

ATTORNEYS FOR DEFENDANT

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................. ii

I.  BACKGROUND ....................................................................................................... 1

    A.  Parties ............................................................................................................ 1

    B.  Plaintiff's Allegations ................................................................................. 1

II.  ARGUMENTS & AUTHORITIES ....................................................................... 3

    A.  Plaintiff's Claim For Disability Discrimination Regarding the Termination of His Employment Should Be Dismissed Because It Is Untimely and Barred as a Matter of Law ............................................................ 5

    B.  Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise to a Claim for Age Discrimination ............................................................ 7

        1.  Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise To A Claim For Age Discrimination Based On Plaintiff's Alleged Termination of Employment From Lowe's ............................................ 8

        2.  Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise To A Claim For Age Discrimination Based On Lowe's Decision Not to Hire Plaintiff in 2011 ............................................ 8

    C.  Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise to a Claim for Retaliation Under the ADEA ............................................ 9

        1.  Plaintiff's Complaint Does Not Allege That He Engaged in a Protected Activity Under the ADEA ............................................ 10

        2.  Plaintiff's Complaint Does Not Allege Facts to Support The Allegation That a Causal Link Exists Between the First Charge and Lowe's Decision Not to Hire Plaintiff in 2011 ............................................ 11

III.  PRAYER ................................................................................................................ 12

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*, 556 U.S. 622 (2009) ........................................................................4

*Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97 (5th Cir. 1974) ............4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................3

*Borninski v. Williamson,* Civ. A. No. 302-CV-1014-L, 2003 WL 22952571 (N.D. Tex. July 31, 2003).....................................................................................................3

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).....................4

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) ......................4

*Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268 (2001)...............................................12

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)...........................4

*Conley v. Gibson*, 355 U.S. 41 (1957) ...........................................................................3

*Dade v. Southwest Bell. Telegraph Co.*, 942 F. Supp. 312 (S.D. Tex. 1996) ................6

*Day  v. Auchan Hypermarket*, 96 F.3d 787 (5th Cir. 1996).............................................5

*Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368 (5th Cir. 2008)........10

*Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247 (5th Cir. 1985) ..............................6

*Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) .................................................3

*Field v. Trump*, 850 F.2d 938 (2d Cir. 1988)..................................................................4

*Gross v. FBL Financial Services*, 557 U.S. 167 (2009) ..............................................8, 9

*Heartbrand Beef, Inc. v. Lobel's of New York, LLC*, Civ. A. No. V-08-62, 2009 WL 311087 (S.D. Tex. Feb. 5, 2009)..................................................................3

*Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733 (S.D. Tex. 2003) .......................6

*Marshall v. Fulton*, Civ. A. No. 3:08-cv-1921, 2009 WL 2136408 (N.D. Tex. Jul. 17, 2009) ........................................................................................................3

*Mekasha v. Exxonmobil Corp.*, No. 3-04-CV-0797-B, 2005 WL 1215025 (N.D. Tex. 2005) ......................................................................................................11

*Monroe v. Oncor Energy Delivery Co.*, Civ. A. No. 3-01-CV-1012-D, 2003 WL
    22016960 (N.D. Tex. 2003).................................................................................11

*Patton v. United Parcel Service, Inc.*, 910 F. Supp.  1250 (S.D. Tex. 1995) ................................10

*Ramirez v. Gonzales*, 225 Fed. Appx. 203 (5th Cir. 2007).............................................................12

*Randolph v. Dimension Films*, 799 (S.D. Tex. 2009)......................................................................3

*Richmond v. ONEOK, Inc.*, 120 F.3d 205 (10th Cir. 1997)............................................................11

*Shirley v. Chrysler First, Inc.*, 970 F.2d 39 (5th Cir. 1992) ..........................................................10

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)....................................................6, 7

*Thompson v. Somervell County, Tex.*, 431 Fed. Appx. 338 (5th Cir. 2011) ..................................12

*Tratree v. BP North American Pipelines, Inc*, 277 Fed. Appx. 390 (5th Cir. 2008) .....................10

*Vogt v. Nationwide Mutual Insurance Co.*, Civ. A. No. H-03-1586, 2005 WL 1830565
    (S.D. Tex. 2005)...........................................................................................................11

*Washington v. Louisiana*, 425 Fed. Appx. 330 (5th Cir. 2011)......................................................4

*Wesley v. Dallas Independent School District*, No. 3-08-CV-2025, 2009 WL 193786
    (N.D. Tex. Jan. 27, 2009)..............................................................................................5

## FEDERAL STATUTES

42 U.S.C. §12111(5)(A).................................................................................................2

42 U.S.C. § 12117(a) (2011).......................................................................................6, 8

42 U.S.C. § 2000e-5(f)(1) (2011) ...............................................................................6, 8

29 U.S.C. § 623(d) ........................................................................................................10

9 U.S.C. §621................................................................................................................2

Fed. R. Civ. P. 10(c) ......................................................................................................4

Fed. R. Civ. P. 12(b)(6).................................................................................................3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| RICK FENTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CASE NO. 1:12-CV-00027-C |
| | § | |
| LOWE'S HOME CENTERS, INC., | § | |
| | § | |
| *Defendant.* | § | |

<u>**DEFENDANT'S 12(B)(6) MOTION TO DISMISS ALL CLAIMS AND BRIEF IN SUPPORT**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Lowe's Home Centers, Inc. ("Lowe's" or "Company") files this Motion to Dismiss All Claims as asserted by Plaintiff Rick Fenton.  In support thereof, Defendant respectfully shows the Court the following:

**I.
<u>BACKGROUND</u>**

**A.      Parties.**

Plaintiff is a citizen of the state of Texas.  *See* Plaintiff's First Amended Complaint ("Complaint"), Dkt. 4 at ¶1.01.  Defendant Lowe's Home Centers, Inc. is a foreign corporation incorporated under the laws of North Carolina.  *Id*. at ¶1.02.

**B.      Plaintiff's Allegations.**

Plaintiff was hired by Lowe's on August 25, 2008 as a sales specialist in Lowe's Abilene, Texas store.  Dkt. 4 at ¶3.01.  Plaintiff alleges that he suffered an injury in January of 2009.  *Id*. at ¶3.05.  Plaintiff states that he was absent from work from June 3, 2009 until June 10, 2009. *Id*. at ¶¶3.04 and 3.07.  When he returned to work from this absence, Plaintiff claims that he was placed on a medical restriction.  *Id*. at ¶3.07.  Plaintiff alleges that Lowe's refused to accommodate his medical restrictions and that, as of July 28, 2009, he was not permitted to

1

return to work.  *Id.* at ¶3.09 and ¶3.12.

Plaintiff does not allege any wrongdoing by Lowe's from July 28, 2009 through January 27, 2011.  *See id.* at ¶¶3.09-3.14.  Almost a year and a half after his last allegation of discrimination, Plaintiff claims that he began to apply for positions at Lowe's stores other than the Abilene, Texas store where he previously worked.  Dkt. 4 at ¶3.13.  On January 27, 2011, Plaintiff claims that he applied for the position of Flooring specialist and that Lowe's refused to hire him.  *Id.* at ¶¶3.14.  On February 7, 2011, Plaintiff alleges that he applied for the position of Seasonal Customer Service Associate in the paint department and that Lowe's did not hire him for that entry level position.  *Id.* at ¶3.15.  Lastly, Plaintiff alleges that on March 9, 2011, he applied for the position of Department Manager of the inside sales on garden and was not hired for the position.  *Id.* at ¶3.16.  Plaintiff claims that he was required to disclose his former employment in the Lowe's Abilene, Texas store on each application.  *Id.* at ¶3.17.  Plaintiff then claims that he learned that Lowe's selected younger, less experienced and non-disabled employees for these positions.  *Id.* at ¶3.18.

On February 22, 2012, Plaintiff filed his Original Complaint.  Dkt. 1.  On March 16, 2012, Plaintiff filed his First Amended Complaint, naming Lowe's Home Centers, Inc. as the defendant in this case.  *See* Dkt. at 4.  In his First Amended Complaint, Plaintiff alleges that (1) his employment from Lowe's was terminated in violation of 42 U.S.C. §12111(5)(A) (the "ADA") because of an alleged disability, and (2) Lowe's discriminated and retaliated against him based on his age when it refused to hire him in 2011 in violation of the Age Discrimination in Employment Act of 1967, 9 U.S.C. §621, *et seq.* ("ADEA").  *Id.* at ¶¶4.01-4.10 and ¶¶5.01-5.12.

## II.
## ARGUMENTS & AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) permits the court's dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Taking the allegations contained in the complaint as true, a claim should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See e.g., Borninski v. Williamson*, No. Civ. A. 302-CV-1014-L, 2003 WL 22952571, at * 1 (N.D. Tex. July 31, 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). However, to avoid dismissal, a pleading must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 562-63 (2007); *see also Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 786-87 (S.D. Tex. 2009) (recognizing *Twombly* abrogated *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (holding that "*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .'"). Indeed, while courts must accept well-pleaded facts as true in considering a motion to dismiss, courts should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *Marshall v. Fulton*, Civ. A. No. 3:08-cv-1921, 2009 WL 2136408, at *4 (N.D. Tex. Jul. 17, 2009) (same).

"Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Heartbrand Beef, Inc. v. Lobel's of New York, LLC*, Civ. A. No. V-08-62, 2009 WL 311087, at *1 (S.D. Tex. Feb. 5, 2009) (granting Rule 12(b)(6) motion in part). The Supreme Court made clear that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Washington v. Louisiana*, 425 Fed. Appx. 330, 333-334 (5th Cir. 2011), citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotation marks and citation omitted). In analyzing a 12(b)(6) motion, courts first consider whether the factual allegations contained in the complaint are conclusions not entitled to any presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (U.S. 2009). If the factual allegations survive this analysis, courts must then assume the truth of the allegations and determine whether the facts "plausibly give rise to an entitlement to relief." *Id.* at 1950.

Further, when considering a motion to dismiss, a court may appropriately consider the pleadings and the attached exhibits. *See* FED. R. CIV. P. 10(c) ("a copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). The Fifth Circuit has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).[1] In attaching the documents, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins,* 224 F.3d at 499. Further, "[i]f the appended document . . . reveals facts which foreclose recovery as a matter of law, … dismissal is appropriate." *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

In this case, Plaintiff sues for discrimination and retaliation, but does not include any

---

[1] Additionally, other circuits have held that attaching documents to a motion to dismiss does not convert it to a motion for summary judgment if the plaintiff referred to the document in the complaint. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."); *Tunnell*; *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1988).

information regarding the substantive allegations made in his 2010 charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and states the incorrect date for his receipt of his 2010 "Notice of Suit Rights" from the EEOC.   Both are administrative prerequisites to the instant lawsuit.   Thus, Lowe's attaches true and correct copies of (1) Plaintiff's July 3, 2010 charge of discrimination (charge number 450-2010-00148, the "First Charge"), (2) Plaintiff's July 19, 2010 Notice of Suit Rights relating to the First Charge ("First Notice of Right to Sue") (Exhibit B), (3) Plaintiff's May 20, 2011 charge of discrimination (charge number 450-2011-02378, the "Second Charge"), and (4) Plaintiff's November 29, 2011 Notice of Suit Rights relating to the First Charge ("First Notice of Right to Sue").   Exhibits A - D may be considered by this Court in deciding Defendant's Motion and do not require conversion of this Motion into a motion for summary judgment because the date and contents of Plaintiff's First and Second Charges and Notices of Suit Rights are referred to by Plaintiff in his Complaint and are central to Plaintiff's claims.  Dkt. 4 at ¶2.02.

As set forth herein, Plaintiff's claim for discrimination in violation of the ADA should be dismissed because Plaintiff failed to file suit within 90 days of receiving his right to sue letter from the EEOC.   Further, Plaintiff's claim for age discrimination and retaliation should be dismissed because his Complaint does not set forth any facts to give rise to such claims.   Thus, the Court should grant Lowe's Motion and dismiss each of the claims set forth in Plaintiff's Complaint.  FED. R. CIV. P. 12(b)(6).

## A.   Plaintiff's Claim For Disability Discrimination Regarding the Termination of His Employment Should Be Dismissed Because It Is Untimely and Barred as a Matter of Law.

A plaintiff must comply with the ADA's administrative prerequisites before filing a claim in federal court against his former employer for violation of the ADA.  *Wesley v. Dallas Indep. School Dist.,* No. 3–08–CV–2025, 2009 WL 193786, at *2 (N.D. Tex. Jan. 27, 2009) (citing *Day*

*v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir. 1996)).   Under the ADA, a plaintiff has <u>*ninety days*</u> to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1) (2011) (setting forth the ninety-day period for Title VII) (emphasis added); 42 U.S.C. § 12117(a) (2011) (incorporating by reference the procedures applicable to Title VII for actions under the ADA); *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002) (applying the ninety-day period to a claim under Title VII); *Dade v. Sw. Bell. Tel. Co.,* 942 F. Supp. 312, 317 (S.D. Tex. 1996) (applying the ninety-day period to a claim under the ADA).   The ninety-day period is treated as a statute of limitations.   *Hunter–Reed v. City of Houston,* 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) (citing *Espinoza v. Missouri Pac. R.R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir. 1985)).

Generally, the ninety-day period commences when the notice of right to sue is received at the address supplied to the EEOC by the claimant.   *Taylor,* 296 F.3d at 379; *Espinoza,* 754 F.2d at 1249.   When the date upon which a right-to-sue letter is disputed, the Fifth Circuit has presumed that the letter was received on or prior to the seventh day after the letter was mailed. *Taylor,* 296 F.3d at 380.

In this case, the only allegations in the Complaint that relate to an adverse employment action in violation of the ADA relate to Plaintiff's employment with Lowe's Abilene, Texas store.   Dkt. 4 at ¶¶4.01-4.10; 5.03.   Plaintiff filed his First Charge based on these allegations on July 7, 2010.   Exhibit A; *see also* Dkt. 4 at ¶2.02.   In his First Charge, Plaintiff alleged that on or about July 28, 2009, he was denied the opportunity to report to work and that, as a result, his employment was constructively discharged.   *See id*.   Plaintiff further alleged that Lowe's discriminated against him because of his disability.   *See id*.

On July 19, 2010, the EEOC mailed Plaintiff his First Notice of Right to Sue, stating that

Plaintiff *must* file a lawsuit based on the claims and allegations in his First Charge within 90 days of receipt of the notice.[2]   Exhibit B.   Using the Fifth Circuit's seven-day presumption of receipt, Plaintiff is presumed to have received the First Notice of Right to Sue on or before July 26, 2010.   *See Taylor,* 296 F.3d at 380.   It is uncontested that Plaintiff did not file a lawsuit against Lowe's based on the allegations within his First Charge within those 90 days.   Instead, he waited until February 12, 2012—a year and a half after receiving his First Notice of Right to Sue—to file the instant lawsuit based on the allegations contained in his First Charge.[3]   Exhibit B; Dkt. 1.   Because the allegations contained in Plaintiff's Complaint regarding disability discrimination are time barred under the statute of limitations prescribed by the ADA, these claims should be dismissed.   *See* Dkt. 4, pp. 5-6.

**B.      Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise to a Claim for Age Discrimination.**

Plaintiff's claim for age discrimination should be dismissed because he does not assert any facts that give rise to such a claim under well-established law.   First, any claim of discrimination based on the allegations contained in Plaintiff's First Charge is time barred.   Second, the Complaint does not allege that "but for" his age, Plaintiff would have been hired by Lowe's in 2011.   Accordingly, Plaintiff's age discrimination claim should be dismissed.

---

[2] Plaintiff's Complaint alleges that he received a notice of right to sue on November 29, 2011.  Dkt. 4 at ¶2.02.  While it is true that Plaintiff received a notice of right to sue on November 29, 2011, this was Plaintiff's Second Notice of Right to Sue related to his Second Charge, not his First Charge.  *See* Exhibits A-D.  Plaintiff's Second Charge does not allege any claims against Lowe's related to Plaintiff's employment at the Abilene, Texas store.  *See* Exhibit C.

[3] Although Plaintiff timely filed suit following receipt of his Second Notice of Right to Sue, the Second Charge does not make allegations of discrimination relating to Plaintiff's employment in the Abilene, Texas store. *See* Exhibits C and D.

1.    **Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise To A Claim For Age Discrimination Based On Plaintiff's Alleged Termination of Employment From Lowe's.**

In his First Charge, Plaintiff checked the "Age" box to indicate that he believed Lowe's discriminated against him during his employment because of his age.  Exhibit A.  As described in Section III(A), *supra*, Plaintiff received his First Notice of Right to Sue on or before July 26, 2010.  Exhibit B.  According to well established law, Plaintiff was required to bring suit against Lowe's for the allegations he made in his First Charge within 90 days of receiving the First Notice of Right to Sue.  *See* 42 U.S.C. § 2000e–5(f)(1) (2011); 42 U.S.C. § 12117(a) (2011).  It is undisputed that Plaintiff filed the instant lawsuit on February 12, 2012, well after the 90-day statute of limitations related to the First Notice of Right to Sue passed.  Dkt. 1.  Accordingly, all claims relating to allegations brought forth in Plaintiff's First Charge, including any age discrimination claims, are barred as a matter of law and should be dismissed.  *See, e.g.,* Section III(A), *supra*.

2.    **Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise To A Claim For Age Discrimination Based On Lowe's Decision Not to Hire Plaintiff in 2011.**

To succeed on a claim of age discrimination under the ADEA, Plaintiff must prove that "but for" his age, Lowe's would have not taken the alleged adverse employment action(s) of which Plaintiff complains.  *Gross v. FBL Financial Services*, 557 U.S. 167, 129 S. Ct. 2343 (2009).  The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.  *Id*.  In reaching this decision, the Court analyzed the statutory language of the ADEA and Title VII and stated that it had never held that the Title VII burden shifting framework applied to ADEA claims, nor would it do so in this instance.  *Id*. at

2350. While Title VII specifically provides for mixed-motive analysis in its statutory language, the ADEA does not. *Id*. Accordingly, the Supreme Court held that the text of the ADEA does not authorize a mixed-motive age discrimination claim. *Id*. at 2352.

In support of his claim of age discrimination, Plaintiff alleges that he was not hired for three different positions by Lowe's over the course of three months in 2011 because he was "blacklisted" by the Lowe's Abilene, Texas store due to his alleged disability. Dkt. 4 at ¶¶5.05-5.06. Specifically, Plaintiff alleges that he "believes that he was blacklisted by Defendant because he would have to disclose that he had previously worked for the Defendant's store" and that he "believes that Defendant's managers would then confer with his prior managers and decide not to hire him because of his original injury and disability." *Id*. Plaintiff clearly claims that his alleged disability was at least one of Lowe's motivations in deciding not to hire him in 2011. *See id*.

Plaintiff then alleges that "Defendant intentionally discriminated against Plaintiff because of his age by exhibiting bias towards Plaintiff, treating Plaintiff [*sic*] by refusing to hire Plaintiff for positions that were then assigned to younger, less qualified individuals." *Id*. at ¶5.10. Plaintiff clearly claims that his age was at least one of Lowe's motivations in deciding not to hire him in 2011. *See id*. Thus, from a plain reading of the Complaint, Plaintiff alleges that Lowe's refused to hire him based on a mixed-motive theory of discrimination: his alleged disability and his age. Dkt. 4 at ¶¶5.05-5.06; ¶5.10. Because the Complaint alleges a mixed-motive theory of age discrimination, and because the ADEA does not authorize a mixed-motive discrimination claim, Plaintiff's age discrimination claim should be dismissed.

**C. Plaintiff's Pleadings Do Not Allege Facts Which, If True, Give Rise to a Claim for Retaliation Under the ADEA.**

Although Plaintiff claims that he was retaliated against because of his age (Dkt. 4, p. 6),

Plaintiff's Complaint does not allege facts to support such a claim.  A claim of unlawful retaliation under the ADEA is analyzed using the same analysis as a claim of retaliation under Title VII.  *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 374 (5th Cir. 2008). Thus, to establish a *prima facie* case of retaliation under the ADEA, Plaintiff must demonstrate that (1) he engaged in an activity protected by the ADEA, (2) that he suffered an adverse employment action, and (3) that there is a causal connection between the protected act and the adverse action.  *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir. 1992).  Plaintiff's retaliation claim fails because no court could reasonably infer, from the facts pled, that Plaintiff could meet the first and third elements of his *prima facie* case.[4]

### 1.    Plaintiff's Complaint Does Not Allege That He Engaged in a Protected Activity Under the ADEA.

The facts as pled by Plaintiff do not allege that he participated in any "protected activity" under the ADEA such that a claim for retaliation may exist.  *See, generally*, Dkt. 4.  The ADEA prohibits an employer from discriminating against an employee "because such individual ... has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA]." 29 U.S.C. § 623(d); *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 374 (5th Cir. 2008).  Nowhere in Plaintiff's Complaint does he allege that he made <u>any</u> complaint or participated in any investigation, proceeding or litigation under the ADEA.  Dkt. 4; *see also Tratree v. BP North American Pipelines, Inc*, 277 Fed. Appx. 390, 396 (5th Cir. 2008) (No protected activity under the ADEA where employee complained of unfair treatment directly in comparison to a younger employee, but he never referred to the discriminatory treatment as age-based.); *Patton v. United Parcel Service, Inc.,* 910 F. Supp.

---

[4] For the purposes of this Motion only, Lowe's does not address the second element of Plaintiff's *prima facie* retaliation case.  Lowe's does not concede that Plaintiff met his *prima facie* burden on element two of this claim.

10

1250, 1269 (S.D. Tex. 1995) ("an employee's statement cannot be deemed to be in opposition to an unlawful employment practice unless it refers to a specific practice of the employer that is allegedly unlawful").  Because Plaintiff has not pled that he engaged in a protected activity under the ADEA, he cannot sustain his claim for retaliation.  Thus, the Court should dismiss this claim.

> **2.      Plaintiff's Complaint Does Not Allege Facts to Support The Allegation That a Causal Link Exists Between the First Charge and Lowe's Decision Not to Hire Plaintiff in 2011.**

Plaintiff's Complaint does not contain any allegations regarding the age claim contained in his First Charge.  However, even if Plaintiff asserts that his First Charge was the ADEA protected activity giving rise to his claim of retaliation, which he does not, the Complaint does not allege any facts to demonstrate that (1) there is a causal connection between the First Charge (filed in July of 2010) and Plaintiff's applications for employment (over six months later in January of 2011), or (2) the decision makers at the stores where Plaintiff sought employment in 2011 were aware of the First Charge.

Courts routinely recognize that the temporal proximity must be "very close" to demonstrate the causation element of a retaliation claim, and that a even three-month delay is too attenuated to support a claim of retaliation.  *Mekasha v. Exxonmobil Corp.,* No. 3-04-CV-0797-B, 2005 WL 1215025 at *4 (N.D. Tex. 2005) (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three-month period insufficient to establish causal connection), *adopted by* 2005 WL 1489928 (N.D. Tex. 2005), *reh'g denied* 2005 WL 1586187 (N.D. Tex. 2005); *accord Monroe v. Oncor Energy Delivery Co.,* Civ. A. No. 3–01–CV–1012–D, 2003 WL 22016960 at *4 (N.D. Tex. 2003) (citing same); *Vogt v. Nationwide Mutual Insurance Co.*, Civ. A. No. H-03-1586, 2005 WL 1830565 at *5 (S.D. Tex. 2005) (citing same).  Clearly, a six-month delay between a charge of discrimination filed after the termination of Plaintiff's employment alleging

discrimination at a different store can not be considered "causally connected" to Lowe's decision not to hire Plaintiff in 2011.

Further, even if six months provided a close "causal connection" between the protected activity and the decision not to hire Plaintiff, which it does not, temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity. *Thompson v. Somervell County, Tex.*, 431 Fed. Appx. 338, 342 (5th Cir. 2011), citing *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (per curiam) ("The cases that accept mere temporal proximity between *an employer's knowledge of* protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." (emphasis added)); *Ramirez v. Gonzales,* 225 Fed. Appx. 203, 210 (5th Cir. 2007) (unpublished) ("Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker and temporal proximity between the protected activity and the adverse employment action.").   Because Plaintiff does not allege that any of the decision makers who decided not to hire him in 2011 knew about the First Charge, his claim for retaliation should be dismissed.

### III.
### <u>PRAYER</u>

For the reasons described herein, Defendant requests that the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss each of Plaintiff's claims with prejudice and grant Defendant such other relief to which it is entitled.

12

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By:     /s/ Alan J. Marcuis
        Alan J. Marcuis
        State Bar No. 24007601
        Sarah E.W. McGahee
        State Bar No. 24051488

Fountain Place
1445 Ross Ave., Suite 3700
Dallas, Texas 75201-3402
214.979.3000
214.880.0011 (fax)

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing document has been

forwarded to Plaintiff through his representative counsel via the Court's electronic filing system

on this 17th day of May, 2012 as follows:

**KILGORE & KILGORE, PLLC**

Nicholas A. O'Kelly
State Bar No. 15241235
Robert E. Goodman, Jr.
State Bar No. 08158100

3019 Carlisle Street
Dallas, Texas 75204-2471
214.969.9099
214.953.0133 (fax)

                    /s/ Alan J. Marcuis
                    Alan J. Marcuis

13